ORMON O. PRAY v. WARREN CADWELL & MARVIN CADWELL.

*Exceptions to charge to jury.*

The accuracy of a charge to the jury must be decided on a consideration of the whole charge and not merely of detached passages or isolated expressions; and an exception to a single remark of the judge, without making an effort to have it corrected or explained, will not be sustained unless the appellate court is satisfied that justice requires it.

A jury which had retired, sent in to the judge to ask whether it would be proper to give defendant damages if they should find for the plaintiff. The judge ordered the jury to be brought in, and said: "I simply state to the jury, No, and also state that in the absence of the reporter and counsel I cannot say anything more and do not say anything more." Defendants' counsel then appeared, and on hearing the facts excepted to the instruction, but made no request for any other, nor any objection to the form of the proceeding, nor suggested that the jury misunderstood it or that they be recalled or that there was any error. *Held* that the exception should not be sustained.

The mortgagee of chattels took them on writ of replevin, and one of the defendants claimed that some of his separate property was included among them. The judge charged that plaintiff would have no right to take such goods if they had not been intermingled with the rest and if he knew of the separate ownership. The jury afterward asked if they might give costs to defendant in finding for the plaintiff, and he said No. *Held* that it was not to be presumed that they understood this as overruling his former instructions.

Error to Clinton. (Lovell, J.)    Jan. 18.—Feb. 27.

REPLEVIN.    Defendants bring error.    Affirmed.

*A. Stout* and *Jason E. Nichols* for appellants.

*O. L. Spaulding* and *O. W. Barker* for appellee.

GRAVES, C. J. On a former occasion we reviewed this cause and ordered a new trial. 41 Mich. 307. The trial so ordered having taken place and the plaintiff having again recovered a second review is demanded. The controversy is sufficiently explained in the report cited.

Many errors are alleged, but it would be a waste of time to go into details. The court seems to have tried the case with considerable care and to have conformed to our opinion. We see no rulings in regard to evidence which were not warranted by the discretion of the judge, and the charge was very full and entirely fair. In all its material aspects the controversy seems to have been well explained, and only a single point is discovered which in any view will justify special notice.

The jury having retired to their room to deliberate on the verdict to be given, sent this question to the judge: "If the jury should find for the plaintiff, would it be proper to give defendant damages?" On receiving this inquiry the judge ordered the jury to come into court, and on their appearing, which was in the absence of the respective attorneys, he made this reply: "I simply state to the jury 'no,' and also state that in the absence of the reporter and counsel, I cannot say anything more and do not say anything more." As the jury were retiring the defendants' counsel entered the court-room and inquired of the judge why they were called in and the circumstances were explained. The defendants' counsel then excepted to the "*instruction.*"

There was no exception to the form of the proceeding, nor any request for any other or different instruction on the subject mentioned by the jury, nor any suggestion to have the jury recalled for the purpose of explanation, nor any intimation that they were either misapprehended or were laboring under misapprehension, nor any error pointed out by the exception.

The accuracy of the charge in point of law is to be decided upon consideration of the whole, and not upon a view of detached passages or isolated expressions, and where an excepting party imagines a remark to be questionable, and makes no effort to have it corrected or explained, the

Court will not be inclined to sustain his objection unless fully satisfied that the justice of the case requires it. *Spring Co. v. Edgar* 99 U. S. 645 ; *Parkhurst v. Mastellar* — Iowa —; *Clark v. Molyneux* 3 Q. B. Div. 235 : 28 Eng. 217-223.

On recurring to the record it will be seen that the defendant Warren Cadwell claimed that among the articles which were taken, a large number, reaching in value seven or eight hundred dollars, were his individual property which had never been subject to the plaintiff's mortgage, and that these articles were all identified and pointed out as his at the time of the seizure, and their caption forbidden, and it will be seen also that this claim was strongly contested.

There was no room in the case, upon any other ground, for a recovery on each side and the judge was very explicit in his general charge in dealing with this feature of the case. He explained it with great care and fullness at least twice. In one place he said :

" This brings us to the question as to Warren Cadwell's separate goods. He [referring to the plaintiff] could have no right to take any, except the mortgaged goods and the additions to keep the stock up to $2300, unless Warren had placed and mixed his goods in such a shape that they could not be distinguished and separated. This should be modified by the further remark that if he had any information that Warren had separate goods there that were not covered, properly covered, by the mortgage,—if he had heard anything that would put a reasonable man upon inquiry it would then be his duty to see to it, that he did not take,— it would be his duty to make examination and inquiry and to do the best he could to avoid taking any of Warren's goods ; I have already said that if Warren had goods in that store that had never been the goods or property of Marvin Cadwell (the mortgagor) and that he, Warren Cadwell, at the time the sheriff seized and took them, notified him that they were his (Warren Cadwell's) goods and forbid his taking them, referring to and pointing out each article ; the plaintiff cannot recover for such goods and that said Warren Cadwell will be entitled to recover for said goods. If Warren Cadwell was there and gave such notice, pointing out such articles, etc., as I have just said, then the verdict should be against the plaintiff for the value of such

goods with the interest from the time of taking, as I have stated."

This charge tallied perfectly with the case asserted by defendant Warren, and it does not seem to have been excepted to ; at any rate he had no cause to complain of it. The mode in which it dealt with this feature of the case must have impressed the jury, and as we have seen there was no other basis for mutual recovery. If the jury were with the defendant Warren on this branch of the case,—if they thought his claim was valid, they had nothing to do but follow this plain instruction, and it cannot be imagined that they understood him, when he said "no" to their question, as contradicting and overruling his repeated and emphatic instructions on the subject of this claim.

The judgment should be affirmed with costs.

COOLEY and MARSTON, JJ. concurred.